UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

AISHA LYONS,

                              Plaintiff,

       -against-

CITY OF NEW YORK, JASON MILETIC, Individually,
SEAN FREY, Individually, BRIAN SAYRE, Individually,
MELVIN SMITH, Individually, ERIN BARNES, Individually,
JOHN MATTHEWS, Individually, MARK TUFANO, Individually,
FRANK PAPA, Individually, SEAN LYNSKEY, Individually,
STEPHEN PHELAN, Individually, MANUEL TORRES,
Individually, BRIAN EGAN, Individually, JOHN TANCREDI,
MICHAEL COUSIN-HAYES, Individually,

                              Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 4625 (JSR)

<u>Jury Trial Demanded</u>

       Plaintiff AISHA LYONS, by her attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as

said rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff AISHA LYONS is a thirty-two year old African-American woman who resides in the Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, JASON MILETIC, SEAN FREY, BRIAN SAYRE, MELVIN SMITH, ERIN BARNES, JOHN MATTHEWS, MARK TUFANO, FRANK PAPA, SEAN LYNSKEY, STEPHEN PHELAN, MANUEL TORRES, BRIAN EGAN, JOHN TANCREDI, and MICHAEL COUSIN-HAYES were duly sworn officers of said department and were acting under the supervision of said department and according the their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 28, 2011, at approximately 8:30 p.m., plaintiff AISHA LYONS was present in her home, located at 3463 3rd Avenue, Apt. 8H, Bronx, New York, when defendant officers believed to include JASON MILETIC, SEAN FREY, BRIAN SAYRE, MELVIN SMITH, ERIN BARNES, JOHN MATTHEWS, MARK TUFANO, FRANK PAPA, SEAN LYNSKEY, STEPHEN PHELAN, MANUEL TORRES, BRIAN EGAN, JOHN TANCREDI, and MICHAEL COUSIN-HAYES entered her home.

13.     Defendant officers pointed guns at plaintiff and unlawfully detained her by placing handcuffs on her wrists.

14.     Plaintiff was thereafter imprisoned in a police vehicle and transported to the 42nd police precinct stationhouse and imprisoned therein, despite the absence of probable cause to believe plaintiff had committed any crime or offense.

15.     Plaintiff was imprisoned until approximately 1:00 a.m., when she was released with a desk appearance ticket compelling her appearance in Bronx County Supreme Court – Criminal Term, on February 21, 2012.

16.     Defendant MILETIC issued plaintiff the desk appearance ticket and signed arrest paperwork which contained manufactured and false allegations that the defendant officers recovered a controlled substance in plaintiff's apartment.  These allegations are completely false,

manufactured, and were created to cover up the above mentioned abuse of authority. They were then communicated to the Bronx County District Attorney's Office ("BCDAO").

17.     Plaintiff appeared as she was compelled to by the Desk Appearance Ticket on February 21, 2012, and was told she could go home and would be notified if she needed to appear in court.

18.     On or about April 15, 2012, the BCDAO reviewed the arrest and declined to prosecute plaintiff.

19.     Defendants JASON MILETIC, SEAN FREY, BRIAN SAYRE, MELVIN SMITH, ERIN BARNES, JOHN MATTHEWS, MARK TUFANO, FRANK PAPA, SEAN LYNSKEY, STEPHEN PHELAN, MANUEL TORRES, BRIAN EGAN, JOHN TANCREDI, and MICHAEL COUSIN-HAYES either participated in and/or failed to intervene in the illegal conduct described herein, notwithstanding the fact that they were present and/or aware of the illegal conduct and reasonably could have intervened.

20.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a custom or practice of falsification.

21.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: the execution of search/arrest warrants; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search/arrest warrant; and that they engage in falsification.

4

22.   Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

23.   Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.   As a result of the foregoing, plaintiff AISHA LYONS sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27.   All of the aforementioned acts deprived plaintiff AISHA LYONS, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28.   The acts complained of were carried out by the aforementioned individual

5

defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff AISHA LYONS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiff AISHA LYONS without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

34.     Defendants caused plaintiff AISHA LYONS to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff AISHA LYONS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants created false evidence against plaintiff AISHA LYONS.

38.    Defendants utilized this false evidence against plaintiff AISHA LYONS in legal proceedings.

39.    As a result of defendants' creation and use of false evidence, plaintiff AISHA LYONS suffered a violation of her constitutional rights to a fair trial, as guaranteed by the United States Constitution.

40.    As a result of the foregoing, plaintiff AISHA LYONS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

41.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.    Defendants had an affirmative duty to intervene on behalf of plaintiff AISHA LYONS, whose constitutional rights were being violated in their presence by other officers.

43.    The defendants failed to intervene to prevent the unlawful conduct described herein.

44.    As a result of the foregoing, plaintiff AISHA LYONS was falsely arrested and maliciously issued criminal process, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

45.    As a result of the foregoing, plaintiff AISHA LYONS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

46.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

48.    As a result of the foregoing, plaintiff AISHA LYONS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

49.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

51.    The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, the improper execution of search/arrest warrants; the improper treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant; and a practice of widespread falsification. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff AISHA LYONS'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff AISHA LYONS.

53.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff AISHA LYONS as alleged herein.

54.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff AISHA LYONS as alleged herein.

55.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff AISHA

LYONS was falsely arrested and maliciously issued criminal process.

56.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff AISHA LYONS' constitutional rights.

57.     All of the foregoing acts by defendants deprived plaintiff AISHA LYONS of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     Not to be deprived of her right to fair trial;

        C.     To be free from false arrest/unlawful imprisonment; and

        D.     To be free from the failure to intervene.

58.     As a result of the foregoing, plaintiff AISHA LYONS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff AISHA LYONS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(B)     full and fair compensatory damages in an amount to be determined by a jury;

(C)     punitive damages against the individual defendants in an amount to be determined by a jury;

(D)     reasonable attorneys' fees and the costs and disbursements of this action; and

(E)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        October 24, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff AISHA LYONS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:     _____
        BRETT H. KLEIN (BK4744)

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X

AISHA LYONS,

                                        Plaintiff,
                                                                        13 CV 4625 (JSR)

            -against-

CITY OF NEW YORK, JASON MILETIC, Individually,
SEAN FREY, Individually, BRIAN SAYRE, Individually,
MELVIN SMITH, Individually, ERIN BARNES, Individually,
JOHN MATTHEWS, Individually, MARK TUFANO, Individually,
FRANK PAPA, Individually, SEAN LYNSKEY, Individually,
STEPHEN PHELAN, Individually, MANUEL TORRES,
Individually, BRIAN EGAN, Individually, JOHN TANCREDI,
MICHAEL COUSIN-HAYES, Individually,

                                        Defendants.

----------------------------------------------------------------------------X

### AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100